UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bryan Lim-Tom,<br>*Individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　Plaintiff,<br>　　-v-<br><br>Carlay Gas Heat Corp.,<br><br>　　　　　　　　　　Defendant. | Civ. Action #: 20-CV-01682<br>(JGK)(BCM)<br><br>STIPULATION<br>(Modification of Release) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/21

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for all parties in this action, that paragraph 3 of the settlement agreement in this action filed at ECF No. 24-1 is replaced to read as follows:

**Release of Claims.** Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all wage and hour claims, arising out of Plaintiff's employment with Released Parties, including those asserted in the Lawsuit, which he may have against Released Parties as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including attorneys' fees, based upon any conduct occurring up to and including the date of Plaintiff's execution of this Agreement.

**IT IS FURTHER STIPULATED AND AGREED**, that PDF and facsimile copies of this Stipulation shall have the same force and effect as the original.

Dated: Queens Village, New York
　　　　February 5, 2021

| | |
|---|---|
| Abdul Hassan Law Group, PLLC<br>Attorneys for Plaintiff<br><br>By: *Abdul Hassan*<br>Abdul K. Hassan, Esq. (AH6510)<br>215-28 Hillside Avenue<br>Queens Village, NY 11427<br>Tel: 718-740-1000<br>Fax: 718-740-2000<br>Email: abdul@abdulhassan.com | Jackson Lewis P.C.<br>Attorneys for Defendant<br><br>By: *s/ Adam S. Gross*<br>Adam S. Gross, Esq.<br>666 Third Avenue, 29th Floor<br>New York, NY 10017<br>Tel: 212-545-4045<br>Email: Adam.Gross@jacksonlewis.com |

4812-6554-9022, v. 1

The settlement agreement, as modified, is APPROVED. It is hereby ORDERED that this action is DISMISSED with prejudice and without costs. The Clerk of Court is respectfully directed to close the case. SO ORDERED.

_____
Barbara Moses, U.S.M.J.
March 2, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

BRYAN LIM-TOM,

Individually, and on behalf of all others similarly situated,

                                 Plaintiff,

                    -against-

CARLAY GAS HEAT CORP.,

                               Defendant.

Civ. No.: 20-cv-01682 (JGK)

------------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE

        WHEREAS, Plaintiff BRYAN LIM-TOM ("Lim-Tom" or "Plaintiff") and CALRAY GAS HEAT CORP.[1] ("CGHC" or "Defendant") (Plaintiff and Defendant collectively, the "Parties") desire to resolve, settle and agree to dismiss with the above-captioned action (the "Lawsuit"), without further litigation and adjudication;

        WHEREAS, Plaintiff and Defendant have chosen to enter into this Settlement Agreement and Release to avoid further proceedings;

        WHEREAS, the Parties understand and agree that Defendant denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings in the Lawsuit, and in any other document or statement whatsoever;

        WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendant or any other person or entity of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendant's policies, practices or procedures or of any other wrongdoing whatsoever, whether with regard to Plaintiff or anyone else; and,

---

[1] Plaintiff's Complaint incorrectly identifies Defendant Calray Heat Gas Corp. as Carlay Heat Gas Corp.

WHEREAS, the parities understand and agree that the Lawsuit shall be dismissed in its entirety with prejudice as against Defendant by the Court subject to the terms of the Parties' stipulation;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES that:

1. **<u>Definitions.</u>**

(a) "Releasors" shall be defined to include, but is not limited to, Plaintiff, and all presently or formerly affiliated persons or entities, including, but not limited to, his dependents, heirs, assigns, successors, creditors, debtors, lienholders or others who might assert any claim because of conduct toward or including Releasors themselves; and,

(b) "Released Parties" shall be defined to include, but is not limited to, Defendant, all presently or formerly affiliated persons or entities, and any successors, assigns, counsel, insurers, representatives, the employees and representatives of any such entity, and any otherwise related persons and entities.

2. **<u>No Consideration Absent Execution of this Agreement and Dismissal of Lawsuit.</u>**

(a) Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph "4" below, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

(b) Plaintiff authorizes his counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as "Exhibit A," and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit and/or the full release of claims, and enforcement of the Agreement.

(c) In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

3. **<u>Release of Claims.</u>**

Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any causes of action, lawsuits, promises, obligations, charges, complaints, appeals and demands whatsoever, in law or equity, arising out of Plaintiff's employment with Released Parties, including those asserted in the Lawsuit, which he may have against Released Parties as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including

2

attorneys' fees, based upon any conduct occurring up to and including the date of Plaintiff's execution of this Agreement.

        **3a.** **Claims Not Released**. Plaintiff is not waiving any rights he may have to: (i) his own vested accrued benefits under CGHC's welfare or retirement benefit plans; (ii) the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (iii) pursue claims which by law cannot be waived by signing this Agreement; (iv) enforce this Agreement; and/or (v) challenge the validity of this Agreement.

        **4.** **Consideration.**

        (a) In exchange for the promises made herein by Plaintiff, including the release of claims as set forth herein, Defendant will pay the total sum of Twenty-One Thousand Dollars and Zero Cents ($21,000.00) (the "Settlement Amount"), which shall be apportioned to Plaintiff and Plaintiff's counsel as set forth below. Such Settlement Amount is in consideration for and in full satisfaction of all claims set forth in paragraph "3" hereof. Payment of the Settlement Amount shall be made as follows:

        (i) A check made payable to "Bryan Lim-Tom" in the amount of Six Thousand, Eight Hundred Forty-Four Dollars and Zero Cents ($6,844), less applicable taxes and withholdings, to be reported on an IRS Form W-2, due within thirty (30), days of court approval of this settlement agreement;

        (ii) A check made payable to "Bryan Lim-Tom" in the amount of Six Thousand, Eight Hundred Forty-Four Dollars and Zero Cents ($6,844), representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due within thirty (30), days of court approval of this settlement agreement;

        (iii) A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Seven Thousand, Three Hundred Twelve Dollars and Zero Cents ($7,312.00), representing a 1/3 contingency fee ($6,844) plus costs ($468), to be reported on an IRS Form 1099-MISC (Box 10), due within thirty (30), days of court approval of this settlement agreement;

        (b) The Settlement Amount shall be paid within thirty (30) calendar days following the Court's Order of Dismissal with Prejudice and expiration of the Revocation Period set forth herein.

        (c) The payments shall be sent to Plaintiff's counsel who shall be responsible for distribution of the payment to Plaintiff.

        **5.** **Acknowledgments and Affirmations.**

        (a) Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim against Defendant, except the within Lawsuit; that this Agreement represents a

3

settlement of a bona fide dispute regarding wages owed and hours worked; and that Plaintiff shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable pursuant to the above mentioned motion for approval.

(b) Plaintiff further affirms that he has not been retaliated against for reporting any allegations of wrongdoing by Defendant or their officers, including any allegations of corporate fraud. Both Defendant and Plaintiff acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Execution.** The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. Plaintiff is represented by counsel of his choosing and certifies that he is satisfied with the advice and services of his counsel. The meaning, effect and terms of this settlement have been fully explained to Plaintiff by his counsel. Plaintiff hereby affirms that he fully understands that this Agreement settles, bars and waives any and all FLSA wage payment and/or wage/hour claims that he could possibly have against Released Parties.

7. **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Released Parties of any liability or unlawful conduct of any kind. The Parties further agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, to be evidence in any future proceedings other than to enforce the terms of this Agreement.

8. **Severability and Modification.** If any provision of this Agreement or the attachments hereto is declared illegal or unenforceable by any court, administrative agency or other entity, and if such provision is not susceptible to interpretation or modification to be enforceable (which the Parties authorize and direct any court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the limited release contained herein is not approved by the Court, the Agreement shall be null and void.

9. **Section Headings.** Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

10. **Entire Agreement.** This Agreement, which incorporates as covenants the representations and clauses in the introductory "WHEREAS" clauses and includes the terms of the Stipulation and Order of Dismissal with Prejudice attached hereto as "Exhibit A," which is expressly incorporated herein, sets forth the entire agreement between the Parties hereto relating to the subject matter covered by this Agreement, and fully supersedes any prior agreements or understandings between the Parties. This Agreement shall be interpreted under New York law, without regard to its conflict or choice of law provisions. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written

4

document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement, or as set forth in paragraph "8" hereof.

    11. **Tax Liability.** Plaintiff shall be required to ensure that all taxes relating to any amounts paid hereunder properly are paid, except for Defendant's share of FICA taxes as set forth in Section 4(a)(i) of this Agreement. In the event that taxes, interest or penalties are held to be due and owing as a result of the foregoing payments, the taxes, interest or penalties shall be the sole obligation and liability of Plaintiff, who agrees to indemnify and hold Defendant harmless for any taxes owed by Plaintiff which Defendant paid, plus, interest or penalties incurred by Defendant relating to the payments, except the amount cannot exceed the amounts paid to Plaintiff as set forth in this Agreement.

    12. **Capability to Waive Claims.** Plaintiff expressly represents that Plaintiff is able to effect a knowing and voluntary waiver and general release of claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and to waive all wage payment and/or wage/hour claims he has or may have against Released Parties. Plaintiff certifies that he is not party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle his claims in this case and to waive all FLSA wage/hour claims he may have against Released Parties.

    13. **Counterparts.** This Agreement may be signed in counterparts. A fax or scan signature may serve as an original Agreement. This Agreement will not be effective until signed by Defendant.

    14. **Revocation**. Plaintiff may revoke this Agreement for a period of seven (7) calendar days following the day he executes this Agreement ("Revocation Period"). Any revocation within this period must be submitted, in writing, to Alex Villanella, Esq. (as Defendant's designee) and state, "I hereby revoke my acceptance of our Agreement and General Release." The revocation must personally be delivered to Adam S. Gross, Esq. or his designee, or mailed to Adam S. Gross, Esq., 666 Third Avenue 29th Floor New York, NY 10017, and postmarked within seven (7) calendar days of Plaintiff's execution of this Agreement. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

**PLAINTIFF AFFIRMS HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND IS HEREBY ADVISED IN THIS WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

5

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "4," PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 12/23/2020 , 2020        By: _____
                                    **BRYAN**

                                **CALRAY GAS HEAT CORP.**

Dated: _____, 2020         _____
                                By:

6

**AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2020     By: _____
                                    **BRYAN LIM-TOM**

**CALRAY GAS HEAT CORP.**

Dated: Dec 23, 2020     By: _____
                             HARRIS CLARK

6

DocuSign Envelope ID: 4A9833AB-4D59-4533-9BA6-E741B65060F3

# EXHIBIT A

DocuSign Envelope ID: 4A9833AB-4D50-4533-9DA6-5711B65069F3
Case 1:20-cv-01680-JGK Document 29 Filed 03/02/21 Page 1 of 1
Case 1:20-cv-01680-JGK Document 30 Filed 03/02/21 Page 10 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

BRYAN LIM-TOM,

Individually, and on behalf of all others similarly situated,

         Plaintiff,

   -against-

CARLAY GAS HEAT CORP.,

         Defendant.

Civ. No.: 20-cv-01680 (JGK)

------------------------------------------------------------------------X

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Defendant, through their respective undersigned counsel, that the above-captioned action be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party except as set forth in the Settlement Agreement approved by the Court.

| | |
|---|---|
| Abdul Hassan Law Group, PLLC | JACKSON LEWIS P.C. |
| By: _____ | By: *s/Adam S. Gross*_____ |
| Mr. Abdul K. Hassan, Esq. (AH6510) | Adam S. Gross, Esq. |
| 215-28 Hillside Avenue | 666 Third Avenue, 29th Floor |
| Queens Village, NY 11427 | New York, NY 10017 |
| Tel: 718-740-1000 | Tel: 212-545-4045 |
| Fax: 718-740-2000 | |
| Email: abdul@abdulhassan.com | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | |

SO ORDERED on this ___ day of _____, 2020

        _____
           U. S. D. J.

2

4849-4891-6949, v. 1